## JACOB LERIAN *vs.* CHARLES ROHR.

*Evidence—Nul tiel Record—Docket entries of Insolvent proceedings—Order of final Discharge in Insolvency.*

In an action of assumpsit, the defendant pleaded, that previous to the commencement of the action, he was by the same Court adjudged an insolvent debtor, and discharged as such from all debts and contracts made before the filing of his application. To this plea there was a replication of *nul tiel record.* Upon the trial of this issue before the Court, the defendant offered in evidence the docket entries in the matter of his application, for the benefit of the insolvent laws entered on the insolvent docket of the Court, together with the original papers in the insolvent proceeding. HELD:

1st. That the application in insolvency having been made in the same Court in which the issue of *nul tiel record* was on trial, it was not necessary to produce a formal record of the insolvent proceedings.

2nd. That if the docket entries and original papers laid before the Court for its inspection showed the final discharge of the defendant, his plea should be sustained.

The docket entry of the discharge was as follows: "June 21, 1879, certif. pub. notice filed, same day petitioner finally discharged;" and on the original petition there was this indorsement signed by the clerk, "Petitioner discharged June 21, 1879. By order of Court." HELD:

That this was sufficient evidence of the discharge of the defendant, and no formal order of discharge written out and signed by the Judge or Judges sitting at the time of the discharge, was essential to its validity.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, and BRYAN, J.

*Wm. Pinkney Whyte*, and *Richard Grason*, for the appellant.

*D. G. McIntosh*, for the appellee.

MILLER, J., delivered the opinion of the Court.

This action of *assumpsit* was brought by the appellee against the appellant on the 8th of July, 1884, in the Circuit Court for Baltimore County. The defendant pleaded that on the 21st of June, 1879, he was by the same Court adjudged an insolvent debtor, and discharged as such from all debts and contracts made before the filing of his application. To this plea there was a replication of *nul tiel record*, and upon the trial of this issue before the Court the defendant offered in evidence the docket entries in the matter of his application for the benefit of the insolvent laws entered on the insolvent docket of the Court, together with the original papers in the insolvent proceeding, but the Court refused to receive them in evidence and gave judgment for the plaintiff on the issue thus joined. The defendant excepted to the ruling excluding these docket entries and original papers as evidencing the discharge, and this is the only matter presented for review by this appeal.

The application in insolvency having been made in the *same Court* in which the issue of *nul tiel record* was on trial, it was not necessary to produce a *formal record* of the insolvent proceedings. All that it was incumbent upon the defendant to do was to have the docket entries and original papers laid before the Court for its inspection, and if these showed his final discharge, his plea should have been sustained. The docket entry in this respect is as follows: "June 21st, 1879, certif. pub. notice filed, *same day petitioner finally discharged;*" and on the original petition there is this endorsement signed by the clerk: "Petitioner discharged June 21st, 1879, by order of Court."

Lerian *vs.* Rohr.

The presumption from the docket entry itself is that the Court while in session, ordered the discharge, and that the clerk made the entry thereof at the time in open Court, in the presence and under the eye and direction of the Judge, in the same manner as similar entries in other *law cases* are made. We understand that the learned Judge of the Court below made the ruling excepted to, on the ground that there appeared to be no formal order of discharge written out and *signed* by the Judge or Judges sitting at the time the discharge was ordered, but this was by no means essential to its validity. The proceedings in insolvency are on the *law side* of the Court, and there was no provision of the insolvent laws then in force requiring such formal orders to be signed by the Judges. It is true, a practice to that effect may have prevailed in some of the Circuits, but it has not in others, and such a practice to have the force of law must have been at least universal and long continued.

But it is objected in argument that this docket entry does not show *from what* the Court ordered the defendant to be discharged. But it is plain that it must be read in connection with the previous entries and all the original papers, and in view of their purpose and object as well as the provisions of the insolvent laws under which they were taken. So read the entry was short, but appropriate, and expresses all that was necessary as the basis of a full record. It would have been the duty of the clerk if he had been required to make out a formal record, to have extended and amplified this entry to the effect that the Court ordered the petitioner to be "fully and finally discharged from all debts and contracts made before the filing of the application aforesaid."

Again it is further argued that the proof was properly rejected because the offer of the docket entries and original papers was coupled with an offer of a *certificate* of the clerk of the Court of the final discharge of the defendant,

and it is said that this was never filed, was not produced as one of the original papers in the custody of the clerk, and was in fact an outside paper forming no part of the record. But conceding this to be the character of this paper, what harm was done to the appellee by simply laying such surplus matter before the Court, or what effect could it have had upon the judgment which the Court was called upon to render on this issue? It was the plain duty of the Court to inspect the docket entries and original papers, and determine *from them* whether they contained a sufficient record of the defendant's discharge. If they showed a discharge he was entitled to the benefit of it no matter what papers the clerk may have written outside of his duty, and outside of those which constituted and formed part of the record.

In our judgment the docket entries and original papers in the insolvent case, show a valid final discharge of the defendant from the contract sued on. The ruling complained of was therefore erroneous, and the judgment on the issue of *nul tiel record* should have been in favor of the defendant, and his plea of discharge sustained. The record shows that the plaintiff in reply to the plea of discharge, also set up a new promise after the discharge, and in order that he may have the benefit of a trial of this issue the cause will be remanded.

*Judgment reversed, and*
*new trial awarded.*

(Decided 13th October, 1886.)